814 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark Steven RABY, Appellant,
v.
CAROLINA POWER AND LIGHT, Appellee,
Holladay, Coleman, Williams and Associates; James Durrant,
Matthews and Shelley; Doyle Electric, Inc.,
Boozer, Warton and Ziegler, Inc., Defendants.
 No. 85-2011.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1986.
Decided March 17, 1987.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, District Judge. (C/A 84-2769)
 Before HALL and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Victor C. Hawk, on brief, for appellant.
 Benny R. Greer; Greer & Milling; Fred D. Poisson; Carolina Power & Light Company, on brief, for appellee.
 PER CURIAM.
 
 
 1
 This case comes to the court on an appeal of Mark Steven Raby (hereinafter plaintiff) of the grant of a motion for summary judgment in favor of Carolina Power and Light (hereinafter defendant) by the district court below.
 
 
 2
 The claim of plaintiff below arose at the time he was injured when a boom of a crane came in contact with a high-voltage wire, causing electrical burns of fairly extensive nature to the plaintiff.
 
 
 3
 While not apparent until raised within the court, a jurisdictional question is presented in this case.
 
 
 4
 In the original complaint, the named defendants were Carolina Power and Light; Concrete Products, Inc.; Holladay, Coleman, Williams, and Associates; James, Durrant, Matthews and Shelley; Doyle Electric, Inc.; and Boozer, Warton and Ziegler, Inc. Copies of the original docket sheets show that a motion for summary judgment filed by Boozer, Warton and Ziegler, Inc., was granted on March 25, 1985. Concrete Products, Inc. was dismissed from the action with prejudice on April 12, 1985. On August 26, 1985, the motion of Carolina Power and Light for summary judgment was granted. On September 26, 1985, the motion for summary judgment of Holladay, Coleman, Williams, and Associated was granted. On September 30, 1985, the motion for summary judgment of James, Durrant, Matthews and Shelley was granted. On October 11, 1985, the motion of Doyle Electric, Inc. for summary judgment was granted.
 
 
 5
 On July 25, 1986, Judgment was entered by the Clerk showing the grant of summary judgment to Carolina Power and Light; Holladay, Coleman, Williams, and Associates; James, Durrant, Matthews and Shelley; Doyle Electric, Inc.; and Boozer, Warton and Ziegler, Inc., and the dismissal with prejudice of Concrete Products, Inc. This order was entered nunc pro tunc to October 11, 1985. Thus, accepting the nunc pro tunc status of the Judgment of July 25, 1986, the final order or Judgment of the court, disposing of the claims against all defendants was made effective as of October 11, 1985, the date on which the order granting the last defendant's motion for summary judgment, namely, Doyle Electric, Inc. had been granted.
 
 
 6
 In the meantime, however, on September 24, 1985, the plaintiff filed a notice of appeal from the grant of summary judgment to Carolina Power and Light.
 
 
 7
 While the grant of summary judgment to Carolina Power and Light ended the proceedings as to that defendant, that grant to Carolina Power and Light was not a final order in the case, there then remaining a number of defendants on whose motions for summary judgment no action had been taken. The Judgment which disposed of the claims of the plaintiff against all defendants was entered with an effective date nunc pro tunc of October 11, 1985.
 
 
 8
 Thus, the notice of appeal at issue here preceded the entry of the Judgment by approximately three weeks, assuming that the nunc pro tunc status of the Judgment is accepted as October 11, 1985.
 
 
 9
 No further notice of appeal was filed by the plaintiff against Carolina Power and Light.
 
 
 10
 On this somewhat confusing state of facts as to dates, filing, etc., the court must have recourse to Rule 4(a)(2) of the Federal Rules of Appellate Procedure, which provides as follows:
 
 
 11
 1. Except as provided in (a) (4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.
 
 
 12
 Applying this rule to the factual pattern set out above, it is apparent that the order of the district court granting summary judgment to the defendant, Carolina Power and Light, was entered on August 26, 1985. However, the Judgment on the question of the motion of summary judgment of Carolina Power and Light, was not entered until July 25, 1986, though entered nunc pro tunc as of October 11, 1985. Thus, the application of the provisions of Rule 4 (a) (2) of the Federal Rules of Appellate Procedure indicate that the notice of appeal filed by the plaintiff as to the defendant Carolina Power and Light "shall be treated as filed after such entry [of the judgment] and on the day thereof."
 
 
 13
 That being the case, the notice of appeal, pursuant to Rule 4 (a) (2), Fed. R. App. P., is effectively filed as of the same date as the Judgment nunc pro tunc as of October 11, 1985, and is filed "after such entry." On this analysis, it would appear that the jurisdiction of this court is appropriate to resolve this case, since the notice of appeal is filed following the entry of the Judgment which disposes of the case as a whole.
 
 
 14
 While the court finds jurisdiction in this fact pattern, Fed. R. App. P, it notes that by far the better procedure is to file the notice of appeal in timely fashion following the entry of the judgment which leaves nothing further for the trial court to do in the case.
 
 
 15
 Having concluded that the court has jurisdiction, we proceed to an analysis of the case. As noted above, this appeal relates only to the action of the court below in granting the motion for summary judgment of the defendant, Carolina Power and Light, Inc.
 
 
 16
 Factually, the case arose from an accident which occurred at a construction site, in the course of lifting certain bundles of roof decking slabs from a truck which bore them to the construction site. In the course of this work, a crane was used, and either the boom of the crane or some of the attachments to that boom came in contact with a temporary power line which had been rigged for the use of the workers at the construction site. Apparently, the project was a fairly sizeable undertaking, in that the construction was that for a new high school.
 
 
 17
 In connection with the contract for the erection of the high school, Carolina Power and Light installed a temporary service electric line approximately five months before the date of injury complained of, doing so at the request of the primp contractor on the job. This is the only connection which Carolina Power and Light had with the construction project. From testimony as to measurements and from various photographs shown in the Joint Appendix, it is clear that the temporary service power line was located more than twenty feet horizontally from the rear wall of the building under construction. Similarly, the testimony as to measurements and the photographs indicate that the power line was twenty-nine feet and three inches in height from the ground. No trouble had been encountered with the line, nor had there been any previous accidents or near misses of any sort, so far as the Appendix discloses.
 
 
 18
 At the time of the accident, the unloading process took place between the building wall and the power line, and required the movement of the truck bearing the crane on one or more occasions, so as to permit the appropriate stacking of the decking slabs. It was after one such movement that the crane operator made contact with the line, which line delivered an electrical shock to the plaintiff, giving him severe injuries.
 
 
 19
 The motion for summary judgment presented below alleged two grounds for the grant of the motion; first, that Carolina Power and Light had conformed to every safety requirement applicable to this installation, and that Carolina Power and Light was not negligent as a matter of law, and second, that the plaintiff was contributorily negligent as a matter of law. The court below resolved the question by granting the motion for summary judgment on the first ground indicated. It consequently did not deal with the second ground of contributory negligence.
 
 
 20
 Two sets of regulations governing the installation of such a temporary power line were considered by the court below, namely, the rules and regulations which had been approved by the South Carolina Public Service Commission, and the requirements of the National Electric Safety Code. There was further evidence from one of the defendant's senior engineers, having some nineteen years experience, to the effect that he prepared the work order for the construction of this facility, that in such construction good engineering practices were used, that the minimum requirements of both the Public Service Commission rules and regulations and the National Electric Safety Code were exceeded by a wide margin by the installation, that the temporary power line had been in place for some five months and was in plain view, easily to be observed by anyone who looked, and that the construction of the line accorded with good safety practices and with good engineering practices. This testimony was corroborated by a second defendant's witness who was a line service supervisor for the defendant, and had been in that status for some twenty-four years.
 
 
 21
 The testimony given by these witnesses was not contested, save by an affidavit, as to which more will be stated infra.
 
 
 22
 In his deposition, the plaintiff stated that he was aware that the temporary service lines were there, that he had worked at the site for some three to four months, that he had known for some two weeks that these lines were in the location where he was working at the time of the accident, and that he knew that contact with the temporary service electrical wires should be avoided.
 
 
 23
 The court below found that "the affidavits, drawings and photographs show that the electrical lines were constructed in such a way as to substantially exceed all minimum requirements for safety as to height, distance from the building under construction, and other requirements of the National Electric Safety Code."
 
 
 24
 The court below based its decision to grant summary judgment to the defendant on the reasoning of the case of Foreman v. Atlantic Land Corporation and South Carolina Gas & Electric Company, 245 S.E.2d 609, 271 S.C. 130 (1978). In Foreman, a case remarkably similar to the instant case in its fact pattern, the court stated, "It is uncontroverted that the wire height at the accident scene was twenty-nine feet, above the minimum of twenty-two feet, set by the National Electric Safety Code. While this Code has no legislative sanction, it is difficult to conceive a better test of' care than compliance with its provisions." 245 S.E.2d at 610 (citations omitted). Further, the court found that "the power line was constructed and maintained in accordance with the requirements of the state." 245 S.E.2d at 611, quoting from Burns v. Carolina Power & Light Company, 193 F.2d 525, 529 (4th Cir. 1951). The assertion that the defendant in Foreman was negligent in failing to insulate the line was held not to create a jury issue, the court saying, "Where a line is isolated at a sufficient height in compliance with safety codes, a power company is not negligent for failing to further insulate it." 245 S.E.2d at 610 (citations omitted ). In brief, the Foreman case, in holding that summary judgment was properly granted, set out the following proposition: "We think that the law does not require a person who maintains a high-voltage electric wire ... to anticipate at his peril every possible circumstance under which some person might make contact with this wire." 245 S.E.2d at 611. As the court below noted supra, this case falls squarely within the doctrine of Foreman.
 
 
 25
 The only contrary evidence offered by the plaintiff was an affidavit of K. Sethi, noted in his curriculum vitae as holding a "diploma in electrical and mechanical engineering from N.E.D. Engineering College, Karachi, Bombay University, India." In a remarkably brief affidavit, Mr. Sethi said, "That in providing temporary power to said sites, it is good engineering practice to account for the potential danger to construction personnel. from equipment coming into contact with energized temporary lines by one of three methods: (1) bv placing the cables underground during construction; (2) by using insulated cables for the temporary wiring; (3) by providing specific, clear and accurate warning that the insulated lines are energized and that all work should be carried on at a reasonable distance from said lines and that failure to do so is likely to result in extreme shock."
 
 
 26
 No authority of any nature is cited by the Sethi affidavit, beyond the statement quoted above. Sethi does not deal with the National Electric Safety Code, nor does he deal. with the requirements of the South Carolina Public Utilities Commission. The affidavit is Simply a conclusory statement, citing no authority of any sort for its conclusions, other than the uncorroborated opinion of the affiant. The grant of summary judgment is not proper when the court can find from the materials considered in deciding the motion that there is a genuine controversy as to a material fact or facts shown by those materials so considered. If there is no such genuine controversy, the grant of summary judgment is proper. Merit Motors, Inc. v. Chrysler Corp., 569 F.2d 666 (D.C. Cir. 1977); Willett v. Emory and Henry College, 427 F. Supp. 631 (W.D.Va. 1977); Fed. R. Civ. P. 56(c).
 
 
 27
 Such a disputed area or item of fact is not necessarily brought into existence by the filing of an affidavit such as that of Sethi in this case, where the affidavit itself cites no authority, relies entirely on the conclusory statements of the affiant, and does not, in fact, deal with, or even mention, the two publications setting out appropriate standards of care -for such a temporary electric services line, namely, the National Electric Safety Code and the Rules and Regulations of the South Carolina Public Utilities Commission. In light of these deficiencies, the affidavit of Sethi must be given its proper weight, which is not of a sufficient nature to create a disputed issue of fact. Particularly is this true where the overwhelming weight of the remaining evidence, uncontroverted in all its material aspects, indicates that there was no breach of carp by Carolina Power and Light.
 
 
 28
 After a detailed review of the Joint Appendix, the Amended Joint Appendix, and the briefs of the parties, this court must conclude that the court below was correct in its grant of the motion for summary judgment based on the failure of the plaintiff to show any breach of duty on the part of Carolina Power and Light. Having found that the motion for summary judgment should be granted on this basis, the court does not deal with the asserted issue of contributory negligence.
 
 
 29
 For the reasons indicated, the judgment of the court below is
 
 
 30
 AFFIRMED.